We'll hear counsel in U.S.A. v. James Ida. Thank you. Good afternoon, your honor. May it please the court. I'm Flora Edwards and I represent Mr. Ida. And I've represented him for the past 20 years. In 1996, Mr. Ida was one of a number of defendants convicted on legal charges. He was sentenced to life in prison, and he's been in custody for the past 26 years. In 2020, Mr. Ida moved for a sentencing reduction under the First Step Act. And his motion was denied in a decision by Judge Kaplan, which summarily adopted, I'm quoting, the reasons stated by the government, unquote, without any further analysis. Having conceded that the nature of Mr. Ida's offense does not render him ineligible for compassionate release, the government concedes that, and that his medical condition, in light of his medical condition, he does not present a risk to the public. Absent any other analysis by the district court, we can only surmise that the court either accepted the government's argument that Mr. Ida's condition does not constitute extraordinary and compelling circumstances, which is contradicted by the facts, or that the nature of his offense precludes any other consideration, which is error as a matter of law. As we all know, compelling circumstances exist where the defendant is 65, has experienced a serious deterioration in his physical health, and has served at least 10 years or 50% of his term of imprisonment. And the application note tells us that a serious medical condition constitutes extraordinary circumstances when it substantially diminishes the ability of the defendant to provide self-care within a correctional facility, and from which he is not expected to recover. Mr. Ida's medical records clearly show that he is suffering from Parkinson's disease, which is a degenerative disease, and it has impacted his speech, his ability to walk without falling, his ability to write, and as his medical records show, and as the BOP tells us, to perform the simple tasks of daily living. So we are now left to assume that the Court simply relied on the argument that Mr. Ida is not entitled solely because of the serious nature of his offense, and we contend that this is wrong as a matter of law. Mr. Ida can never change the static characteristics of his offense, but the Court needs to consider Mr. Ida not as he was 25 years ago or 26 years ago, or actually it's more than that. It's almost 30 years ago when this whole thing started. The Court needs to look at the defendant that stands before the Court today, and the defendant who stands before the Court today is 82 years old. He has served more than 50% of a life sentence as calculated by the Sentencing Commission, and he is asking merely that he be permitted to spend the absolute last years of his life, the last year of his life or so. He's not going to recover. You don't recover from Parkinson's, and he was asking for compassionate release. Under Pepper, which is a Supreme Court decision, the Court has an obligation to consider the post-offense developments, which give us the most up-to-date picture. The Court had the duty to look at that and not as he was only a quarter of a century ago. With full consideration of all of these factors, given his current medical condition, a grant of compassionate release offers a sentence sufficient but not greater than necessary to accomplish the sentencing goal. The record has no evidence that the District Court weighed his current circumstances against the conduct for which he was convicted, and it is for this reason that the decision of the District Court constitutes an abuse of discretion. Thank you. Ms. Edwards, I'll have some questions for you, but I neglected to make an announcement that I made yesterday that I guess I will make again later. I'm sorry. Given my age, I'm just a little deaf here. Can you hear me now? Yeah, I hear you better. Thank you. I'm simply making a statement for the benefit of all concerned and not taking any of your time. You're a lot of time. I simply want to point out that I have been afflicted for more than 30 years with a chronic acid reflux cough, which has nothing to do with COVID, and I hope that if I cough in the courtroom, you will not fly into the evening shocked by what you've encountered. But I'm not addressing that to you personally, Ms. Edwards, quite the opposite. I just failed to announce this at the beginning. Now, what exactly, to go to the merits of your appeal, you're concerned that the district court adopted the government's opposition brief and you are telling us that that's insufficient to withstand appellate scrutiny. Is that right? I'm sorry. The district court adopted the government's brief. I understand. Right, without any analysis. The court just adopted the brief. Of course, the brief that was adopted presumably had some analysis and the court indicated and we presume the court did consider the analysis, which was in the government's brief. But if the court considered the analysis within the government's brief, the government argues that Mr. Ida doesn't meet compelling circumstances. Mr. Ida has already been hospitalized. He has fallen. I lost track. No, I understand. You're going to the merits of that claim, but you're not pressing this argument that there was something legally deficient in the district court's adoption of the government's opposition brief. Yes, I am, Your Honor. You are. Yes, because the court never looked beyond the government's argument of where Mr. Ida stands today, and there's no analysis there that shows the difference in Mr. Ida's condition today and as he was. I think the question is let's assume. Can you hear me? Can you hear me? Well, once. Let's assume that the government, and I understand that you don't think that it did this, but let's assume that the government's submission included all this information about his current status and condition. Would it be wrong as a procedural or for some other reason matter for Judge Kaplan to have adopted the government's analysis and views as a procedural matter? If the government, I'm sorry, if Judge Kaplan adopted the government's argument just that Mr. Ida's deteriorating, I'm sorry, I'm falling down here, that Mr. Ida's Parkinson's disease as it has continued to degenerate and continue to affect him does not constitute compelling circumstances in light of the application notes, in light of all of the other standards, that decision would have been an abuse of discretion had he said, that's what I believe. If he said that the seriousness of, which I'm not minimizing, but the seriousness of the offense for which he convicted, which he was convicted, is the only factor and that in itself is sufficient to withhold compassionate release, I would say that's wrong as a matter of law. The Supreme Court said you can't do that. The Supreme Court said, this Court has said, you have to look at the defendant as he is today. So it's either an abuse of discretion or it is procedurally inaccurate because now all we're doing is guessing what it was that he actually adopted because we don't know. Am I right that subsequent to the government's submission there was a motion to reconsider and that Judge Kaplan actually reconsidered and denied the motion, but reconsidered the motion in light of Mr. Ida's reply letter? Yes, and simply said nothing's changed. And what was in that reply letter? It talked about his current conditions, correct? It discussed his current condition, yes. Yes. It updated the court on the current condition. And it provided an alternative analysis and so Judge Kaplan had the benefit of that, considered it on the motion for reconsideration and denied the motion. Well, if Judge Kaplan considered that, and again, we don't know what Judge Kaplan considered because he simply just adopted the argument. But if that is what Judge Kaplan considered, then I would say that is an abuse of discretion because that Mr. Ida clearly meets all of the standards for extraordinary circumstances. So that was not a reasonable decision and that was simply an abuse of discretion. Well, Ms. Edwards, the government set forth at some length that it not the reasons why they should prevail and why Judge Kaplan should rule as he did. So, I mean, what exactly is wrong with a district court succinctly ruling on a motion for substantially the reasons stated in a party's brief? Are you suggesting that that very idea, the idea of such a ruling is an abuse of discretion? The idea of the summary adoption of the government's position where it is clear what it was that the court relied on is not an abuse of discretion and is not procedurally incorrect. However, even in Chavez, which goes all the way back to, oh my God, it goes back to 2018, he said the court must make clear what it relied on. This court actually ruled that compelling circumstances have to be considered. This court ruled in core that the refusal to consider post-conviction circumstances is an abuse of discretion. So what I am saying is that it's not clear what the court relied on when it made that decision. I don't know if the court relied on the government's assertion that a deteriorating Parkinson's condition, which leaves him mute, unable to write, unable to walk, without assistance, unable to dress himself, unable to shower, I could just go on and on. If that is, in fact, not compelling circumstances for somebody who is 82 years old, if that's the case, I would say that that's not a reasonable decision. If the court said that the fact that he was convicted of RICO charges involving organized crime was so serious that he can no matter what he does, it doesn't matter, no matter what the conditions are a quarter of a century later, that precludes any consideration, I would say that is an abuse of discretion because that is not considering what the defendant is like now as he stands before the court today. And that essentially is the crux of my argument. All right. Thank you. We'll hear you again. You've reserved some time. We'll hear from the government. Thank you very much. May it please the court. My name is Micah Ferguson. I'm an assistant United States attorney in the Southern District of New York. I represent the United States on this appeal. I also represented the United States in response to Ida's motion in the district court. Judge Kaplan's decision here to deny compassionate release was reasonable and well within the bounds of permissible discretion on the sentencing matter. The defendant, James Ida, was a leader of the Genovese organized crime family who, among a planned plea of serious crimes, ordered the murder of a suspected government cooperator and approved of another murder. Judge Kaplan was intimately familiar with Ida's offenses and personal history, having himself presided over Ida's case since its inception, including presiding over Ida's lengthy jury trial, Ida's sentencing, and Ida's post-conviction hearings and motions. Did Judge Kaplan find that Mr. Ida's condition did not qualify as an extraordinary or compelling reason? Yes, he did, Your Honor. Can you justify that? Yes, Your Honor. As was noted in the government's opposition, the CDC, and I presume that Your Honor is discussing Parkinson's disease? Yes. And all the other ailments associated with that disease that are described, as I understand it, are not disputed. That's correct, Your Honor. As reflected in the defendant's medical records, he does have Parkinson's disease. As described in those medical records and quoted in the government's opposition, the condition was described as mild. More importantly, Your Honor, the CDC's guidance on COVID-19 risks said nothing about Parkinson's disease. There was one condition that Mr. Ida had, hypertension, that the CDC's guidance said might increase his risk of serious illness from COVID-19. Just more generally, in the post-Brooker world, where Section 1B1.13 no longer applies to motions brought by a defendant, extraordinary and compelling means, I believe, truly extraordinary. Can I just, Mr. Ferguson, just to jump in for a second, you started out by saying that the district judge did find that there were not extraordinary and compelling circumstances. I'm wondering how we know that. In your opposition below, which the judge adopted without explanation, he says that the order said for substantially the reasons in the government's opposition. Now, in your opposition, you argued both no extraordinary and compelling circumstances as well as balancing of the 3553A factors. How do we know whether or not the judge's decision was based on a finding of no extraordinary circumstances or based on, yes, there are extraordinary circumstances, but the balancing is the reason I'm denying it? When the order just says for substantially the reasons but doesn't specify, how do we know, in fact, what the judge found? The best reading of Judge Kaplan's order, Your Honor, is that he adopted both reasons for why the motion fails. They are alternative and independent reasons. But in the context of meaningful appellate review, don't we need to know what the basis of the ruling is? If, in fact, it could be when there are two options available and we don't know which was the basis, whether or not, in fact, he did or did not consider Parkinson's as an extraordinary and compelling factor. We were talking about this, but it's not clear to me how we can make that judgment. So, I have two responses, Your Honor. The first is that I think it is actually fairly common for a district judge to issue a ruling based on two alternative and independent grounds, saying I find that the threshold question is not met, but even if it were, I also find that on the merits, the movement fails. I think that's quite common, and this Court is well-versed in applying meaningful appellate review of such decisions. Right. I agree that that's quite common, but we don't know that that's what happened here. That's what's in your opposition. That's how you framed it. But we don't know that that's what the district court did here. Well, I think we do, because he said substantially for the reasons given in the government's brief. So, if it's substantial but not in its entirety, how do we know what parts the judge is adopting and what parts the judge is not adopting? Well, I think substantial means in substance. I'm sure Judge Kaplan could have written a more eloquent explanation of the reasons than in the government's brief, but there's no judicial duty to paraphrase rather than merely recognize the substance of an analysis in another document, as this Court itself has done on prior occasions. So let's assume, Mr. Ferguson, that Judge Kaplan did make the finding that there were no extraordinary compelling reasons here. You know, we see these compassionate release appeals all the time, and I understand what you're saying as it relates to the CDC guidelines and the absence of any specific reference to Parkinson's, but I take it from an answer to an earlier question that the government doesn't, for example, quibble with the idea that he's unable to engage in many of the activities of daily living and unable, therefore, I think, to protect himself in the way from COVID or from anything else in the way that prisoners might be able to protect themselves while they're in prison. And there are a number of cases, at least that I've encountered, where the district court judge under similar circumstances, understanding that district court judges have got significant discretion in this area, but a number of cases where the district court judge found that extraordinary and compelling reasons existed but that the movement, the plaintiff, didn't qualify under 3553A. That's correct, Your Honor, and that was exactly what happened here in the second part of the analysis in the government's opposition, which is even assuming that there were extraordinary and compelling reasons, the 3553A factors weigh heavily against granting the motion. I would also just note, as you mentioned, there are many of these motions coming up on appeal. As Your Honor knows, about a month ago, this court issued a per curiam opinion in a case called Jones, which acknowledged that reviewing the extraordinary and compelling circumstances question on appeal can be complicated due to uncertainty around COVID-19 conditions and guidance, as well as an individual's personal characteristics, and suggested that courts not only address the threshold question of extraordinary and compelling circumstances, but also consider the 3553A factors. As an aid to appellate review. Exactly, Your Honor, and I think that is essentially the record you are presented with here, and because this 3553A analysis is an alternative and independent question that is less complicated for appellate review, it is itself a basis for affirmance. Now, just very briefly, your friend on the other side says that Judge Kaplan failed to consider his current condition, or as a matter of the 3553A factors, failed to consider those factors in light of today, and what he's done or not done today. What's your brief response to that? I believe that defense counsel was mistaken on that point, Your Honor, because the government's opposition not only set out in the applicable law the 3553A factors, but also addressed them and acknowledged that today, in light of, quote, the defendant's age and declining health or the lowered risk that the defendant would be a danger to the public, given his conditions, acknowledged that some of the 3553A factors may today point more in Ida's direction. It was a fair weighing of the 3553A factors. What page is that? That's the appendix at 86, which is the government's opposition. And Judge Kaplan agreed with that fair and balanced weighing of the factors. Now, counsel, you mentioned U.S. v. Jones, which is not cited in any of the briefs. Tell us more about U.S. v. Jones, if you can. Yes, Your Honor. It was a relatively short per curiam opinion from a panel in which Judge Loyer was a member. I barely remember it, but go ahead. It was an appeal from a compassionate release case where it appeared that the court took the opportunity, whereas many of these cases on appeal are decided by summary order to issue some guidance, I believe, in a per curiam opinion. The primary point of note, as I mentioned before from the case, is that it acknowledged that the extraordinary and compelling circumstances point can be difficult to review on appeal and seemed to encourage district courts, even if they found against a movement on that threshold question, to go on to consider the 3553A factors in aid of appellate review. And how does that holding in U.S. v. Jones help you, if at all? I think, Your Honor, it's not essential to our case. I would merely point to it as further indication that the alternative rationales presented in the government's opposition is, in fact, in accordance with what this circuit has instructed district courts to do, and Judge Kaplan's adoption of that reasoning certainly validates it. It might help in the following way, based on what you just said, that if a panel happens to disagree with a district court's assessment of whether extraordinary and compelling reasons apply or exist in a particular case, then there's always the fallback, not only as a matter of appellate review, but as a matter of just the substantive correctness of the denial of the motion for compassionate release, that they've gone through the 3553A factors and made a separate alternative determination. That's exactly right. I agree. Now, you adverted to the practice of our court in passing. I think you were suggesting that the locution substantially for the reasons stated in the brief of X does surface from time to time in rulings of the Court of Appeals. I guess the district court as well. Is that your view? That is, Your Honor. Now, in these cases of which there are so many, as you noted, is this – how would you describe the frequency of this usage? I'm asking really just for an impressionistic comment. I know that there's no way you can give us a definitive response to this. Your Honor, my impression is that I'm actually not certain I can give much of a holistic view. In my experience on these motions, some judges write brief opinions. Certainly, historically, in Chavez Mesa, for example, these requests for reduced sentences have been decided merely by an administrative office of the court's form order where judges check a box and the Supreme Court approved of that practice. In this case, I think it may depend on the judicial process. You're suggesting it's fairly common or that it's something that you encounter from time to time. That is a fair characterization. Have you encountered it in the context of other compassionate release cases? I mean, I don't know what the universe or how many of these cases you've dealt with. I have personally not, having dealt with maybe, I'm not sure, around ten of these motions. You have not seen a judge previously decide one? Correct. Unless the court has further questions, I'll rest on the government's brief. Thanks very much. Ms. Edwards? You've reserved three minutes. I'm sorry? You've reserved three minutes. I'm very what? Just go ahead. I'm so sorry. That's okay. It's a function of age. Understood. Not hearing too well. I think we've sort of beaten the extraordinary circumstances piece sufficiently, and what I do want to talk about are the cases. In Fisher, the district court, this was a drug kingpin case. He spent 30 years in prison, became ill, and the court found that this drug kingpin, after 30 years looking at him today, it makes sense to adopt, to grant a compassionate release. Roundtree, again, a lengthy sentence, a career offender, and again, it's a court in this district. I think that was the Northern District of New York. Mr. Eyde shows there's something called a minimum end of the pattern test for recidivism. He's right at the bottom of that, which is the BOP test for recidivism. I can say that word. If the only factor we're going to look at is whether under 3553A, this sentence imposed is sufficient to show the seriousness of the offense, and we're not disputing the seriousness of the offense, but if that is the only thing the court is going to look at, then this is an abuse of discretion as a matter of law. This court overturned the district court's refusal to consider post-conviction circumstances. The Supreme Court in Pepper said that it is important to look at the defendant as he stands before the court today. There is nothing in the decision, there is nothing that talks about balancing where the defendant is today and where he was a quarter of a century ago when all of this happened. This is procedurally, we have really no guidance. I don't know what Judge Kaplan relied on. Substantively, going to the merits, to deny compassionate release in light of other decisions, this would be an absolute abuse of discretion. Mr. Eyde is at the end of his life. All he is asking for at the age of 82, if he could speak clearly enough and if he could stand long enough before this court, would say, I want to go home and die at home. That's all he's asking for, Your Honor. I want to thank you for your attention, and I have 15 seconds left, and I'm not going to use it. Thank you so much. Thank you very much, Ms. Edwards. We're grateful for your argument and that of Mr. Ferguson.